Appeal Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed October 14, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00459-CV

___________________

 

Blue Moon venture, l.l.c., and jme properties,
l.l.c., Appellants

V.

 

Barry Horvitz, Appellee



 



 

On
Appeal from the 215th District Court

Harris County,
Texas



Trial Court Cause No. 2006-15995

 



 

 

MEMORANDUM OPINION

This appeal arises from a suit filed
by Barry Horvitz against Blue Moon Venture, L.L.C., for specific performance and
breach of contract concerning the purchase of real property for $125,000.  JME Properties,
L.L.C., intervened to establish it owned an undivided one-half interest in the
property and to enforce its agreements with Blue Moon.  Horvitz counterclaimed
against JME for declaratory relief to cancel a notice of lis pendens.

Horvitz moved for summary judgment against Blue Moon
for specific performance and against JME to cancel the lis pendens.  JME moved
for summary judgment against Blue Moon and Horvitz.  The trial court granted
Horvitz’s motion for summary judgment, ordering Blue Moon to convey the
property to Horvitz and cancelling the notice of lis pendens filed by JME.  The
trial court denied JME’s motion for summary judgment.

The trial court denied a motion for new trial filed
by JME and Blue Moon.  JME and Blue Moon (“appellants”) timely filed a notice
of appeal.  Horvitz then timely filed his notice of appeal.

I

Appellants raise two issues.  First, they assert the
trial court erred in granting Horvitz’s motion for summary judgment.  Appellants
claim Horvitz was not entitled to specific performance because he was required
to plead and prove he was a bona fide purchaser for value, in good faith, and
without notice of JME’s claim.  Appellants’ arguments are based upon Horvitz
having notice of JME’s interest in the property.  However, as evinced by its
denial of JME’s motion for summary judgment, the trial court determined JME has
no interest in the property.  Thus there was no interest of which Horvitz had
notice.  (The question of JME’s interest in the property is addressed below.)

“A bona fide purchaser is one who acquires (apparent)
legal title to property in good faith for a valuable consideration without
actual or constructive notice of an infirmity in the title.”  Williams v.
Jennings, 755 S.W.2d 874, 881 (Tex.App.-Houston [14th Dist.] 1988, writ
denied).  A party suing for specific performance of a purchase contract has not
acquired title to the property, apparent or otherwise, and therefore is
obviously not a bona fide purchaser.  Appellants cite no authority which
supports their position that a party seeking specific performance of a
real-estate-purchase contract must be a bona fide purchaser.  

The equitable remedy of specific performance may be
awarded upon a showing of breach of contract.  Stafford v. S. Vanity
Magazine, Inc., 231 S.W.3d 530, 535 (Tex.App.-Dallas 2007, pet. denied).   A
party seeking specific performance must plead and prove (1) compliance with the
contract including tender of performance unless excused by the defendant's
breach or repudiation and (2) the readiness, willingness, and ability to
perform at relevant times.  DiGiuseppe v. Lawler, 269 S.W.3d 588,
593-94, 601 (Tex.2008); see also 17090 Parkway, Ltd. v. McDavid, 80
S.W.3d 252, 258 (Tex.App.-Dallas 2002, pet. denied).  

Appellants only challenge as to whether Horvitz met
these requirements is to assert that because his affidavit is dated June 16,
2006, it does not establish he was ready, willing, and able to perform at the
time of the summary-judgment hearing in March 2009.  The contract was entered
into in February 2006 and was to be performed in March 2006.  Appellants cite
no authority for their position that the “relevant time” was the date of the
summary-judgment hearing rather than when the contract was to be performed.  See
Tex. R. App. P.38.1(i).  Accordingly, appellants have not shown the trial court
erred in finding Horvitz was entitled to specific performance.  Accordingly, we
overrule appellants’ first issue.

In their second issue, appellants claim the trial
court erred in denying JME’s motion for summary judgment because JME proved it owns
an undivided one-half interest in the property.  JME relies upon the fact that
it paid part of the purchase price for the property.  However, Randy Williams
stated in his affidavit that Blue Moon and JME purchased the property pursuant
to an unwritten joint-venture agreement.  According to Williams’ affidavit, it
was their custom and course of dealing for either party to sell property
jointly purchased without consent of the other party.  JME fails to refer this
court to any evidence controverting Williams’ affidavit that Blue Moon had full
authority, regardless of whether JME contributed funds to the purchase, to
contract to sell the property.  See Tex. R. App. P. 38.1(i). 
Accordingly, JME has not demonstrated on appeal that the trial court erred in
failing to find as a matter of law JME owns an undivided one-half interest in
the property.  Issue two is overruled.

JME also claims Horvitz was not entitled to
cancellation of the notice of lis pendens because its trespass-to-try-title
action against Blue Moon has yet to be decided.  However, in its brief JME
concedes that the trial court’s final judgment disposed of its claim of an undivided
one-half interest in the property.  JME fails to explain how its title action
survives when it has no interest in the property.  We find this argument to be
without merit.  

JME further asserts the trial court erred in ordering
specific performance without requiring Horvitz to satisfy the terms of the
contract.  In its judgment, the trial court orders Blue Moon to convey the
property as set forth in the contract.  The judgment does not alleviate
Horvitz’s duty to also perform as set forth in the contract.    

II

In his cross-appeal, Horvitz complains only that the
trial court erred in failing to award him attorney fees.  Appellees concede
that “[u]nder the terms of the contract between Horvitz and Blue Moon, the
prevailing party is entitled to recover attorney fees.”  Further, appellees do
not dispute that Horvitz was the prevailing party under the trial court’s
judgment.  Having found no error in the trial court’s judgment, we sustain
Horvitz’s sole issue and hold the trial court erred in failing to award
attorneys’ fees.  Accordingly we reverse the trial court’s judgment in part,
and remand the attorney’s-fees claim to the trial court for further
proceedings.  In all other respects, the judgment of the trial court is
affirmed.

             

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.